AMERICAN BENEFIT LIFE INSURANCE ASSOCIATION. *v.* ARMSTRONG.

Opinion delivered February 2, 1931.

*Frank Berry,* for appellant.

*W. B. Scott,* for appellee.

SMITH, J. Irenner Armstrong made application to a soliciting agent of the appellant insurance association for a policy of insurance, in which she was named as beneficiary, upon the life of Katie Young, her mother. The policy issued, and insured died, and liability under the policy was denied upon the ground that the issuance of the policy had been procured by the false answers of the applicant for the insurance concerning the health of her mother. The falsity of certain answers is admitted, but the applicant testified that her answers to all questions asked her were truthful, and that the answers as written were not read to her, and that she did not read them, as she was unable to read, and that while her name was signed to the application she had only "touched the pen," as she was unable to write.

The issue thus presented was submitted to the jury under instructions conforming to the law as announced

in the case of *Mutual Aid Union* v. *Blacknall*, 129 Ark. 450, 196 S. W. 792, to the effect that, where the agent of the insurer makes out the application incorrectly, notwithstanding the applicant has stated all the facts correctly, the errors will be chargeable to the insurer and not to the insured.

But the court also gave, over the objection and exception of the defendant insurance association, an instruction reading as follows:

"There is some proof here, gentlemen of the jury, that this application was never shown to the insured, Katie Young, at all. You are told, that the agent has a right, if he wanted to, not to take the application to the insured at all, although his company may have required him to do that thing. Nevertheless, if he failed to do it, and sent it in as if he had shown it to the insured, that would be a deception on his part of his own company, and the company couldn't come here now and complain of it. They would be bound by the action of the agent; and, if you find from the proof in this case that the application was never presented to the insured at all, and that she never answered any question in the application, and none was ever asked her at all, then there could be no false answers on her part, and, consequently, there could be no fraud. The agent may have disobeyed instructions he had from his principal insurance company, but nevertheless he was agent of the company, and the company would be bound by his conduct, and his failure to give it to the insurance company could not be used against her for the simple reason she never was called upon to act in regard to the application in any way whatever."

This instruction virtually directed a verdict for the plaintiff, as it was undisputed that the application was made by the plaintiff beneficiary and ostensibly signed by her, and not the insured, and that the insured, herself, did not make the application, and made none of the answers alleged to be false, and the instruction says, if this is true, there could be no fraud.

It must be remembered that the plaintiff beneficiary made the application for this policy, and paid the premium thereon, and that it was issued upon her application. If she had no authority to make this application, the policy would be void on that account. This is a very elementary principle, not only in the law of insurance, but in the law of agency generally, and, if she had this authority, it would be immaterial that her principal, the insured, "never was called upon to act in regard to the application in any way whatever," for the reason that the principal had acted through her agent.

It is not the law that one, even though a daughter, may apply for insurance upon the life of another, her mother, and make false answers and obtain the insurance, whereas, if truthful answers had been given, the policy would not have been issued, and still recover upon the policy so obtained because the mother, the insured, was not a party to the deception.

We must therefore hold the instruction to be erroneous, and for the error indicated the judgment will be reversed, and the cause remanded for a new trial.