Henry CABLETON *v.*
GULF LIFE INSURANCE COMPANY

CA 83-408                                          674 S.W.2d 951

Court of Appeals of Arkansas
Division II
Opinion delivered September 19, 1984

*Eugene Hunt,* for appellant.

*Bridges, Young, Matthews, Holmes & Drake,* by: *Brenda J. Vassaur,* for appellee.

DONALD L. CORBIN, Judge. This case involves a suit

against a life insurance carrier for benefits under a $1,000 policy of life insurance on the life of Paul Cableton. The court ruled that the policy of life insurance was issued contrary to the laws of the State of Arkansas in that Paul Cableton did not consent in writing to the issuance of the life insurance policy insuring his life as required by Ark. Stat. Ann. § 66-3206 (Repl. 1980). We affirm.

The Court had some difficulty following the discourse of the parties' briefs; however, we believe that the evidence introduced into the record reflects the following basic facts. The soliciting agent for appellee, Gulf Life Insurance Company, up to the time he took the witness stand at trial, had contended to appellee as well as to appellant that he had destroyed the application signed by a family member of appellant, for life insurance on Paul Cableton's life and procured the signature of Paul Cableton on a second application. During the trial it became apparent that the agent had never obtained Paul Cableton's consent or signature. There was no evidence in the record indicating that appellee had any pre-existing knowledge of this deception by their agent until the agent took the witness stand. Too, other than a clearly hearsay statement, there was no evidence that Paul Cableton had any knowledge of the life insurance policy.

Ark. Stat. Ann. § 66-3206 states as follows:

No life or disability insurance contract upon an individual, . . . shall be made or effectuated unless at the time of the making of the contract the individual insured, being of competent legal capacity to contract, applies therefor or has consented thereto in writing . . . [Acts 1959, No. 148, § 273, p. 418.]

Case law prior to 1959 sets forth the same policy that the legislature codified in Ark. Stat. Ann. § 66-3206 above. The case of *Callicott* v. *Dixie Life & Accident Insurance Company*, 198 Ark. 69, 127 S.W.2d 620 (1939), closely parallels the facts of the instant case. In *Callicott, supra,* the Court made the following statement:

It is contended, however, by the appellee, that the policy was void because the consent of the insured was not obtained; that the policy was taken without his knowledge or consent. The evidence conclusively shows this to be true, and this would make the policy voidable. One who takes out a policy of insurance on the life of his brother without the knowledge or consent of the latter, cannot maintain an action against the company on the policy. 14 R. C. L. 889.

It is against public policy to allow one person to have insurance on the life of another without the knowledge of the latter. It is not only the general rule that the consent of the insured must be had, but that is the rule in this jurisdiction, and this case is ruled by the case of *Amer. Benefit Life Ins. Ass'n* v. *Armstrong,* 183 Ark. 47, 34 S.W.2d 1082.

The passage of Ark. Stat. Ann. § 66-3206 codifies this policy and cannot be circumvented. The adherence to the policy of non-waiver of statutory law is best stated in *Southern Burial Insurance Company* v. *Baker,* 199 Ark. 468, 134 S.W.2d 1 (1939), wherein the Court stated:

If there is any point to § 14 of said Act 139 of the Acts of 1925, we must follow the plain letter of the law and give due effect to this provision, or declare it unconstitutional and void. There is no room for construction, nor question of validity raised on this appeal. Truly, if we might say that the parties by their conduct could waive these provisions and their effect in this class of insurance, then there is no reason why the Legislature should have troubled about the enactment of this bit of legislation.

Case law since the passage of Ark. Stat. Ann. § 66-3206 has upheld the written consent provision. See *Constitution Life Ins.* v. *Thompson & Son,* 251 Ark. 784, 475 S.W.2d 165 (1972).

Affirmed.

CLONINGER and MAYFIELD, JJ., agree.